By: Bryan Konoski, Esq. (BK 7563)
TREYVUS & KONOSKI, P.C.
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832
bkonoski@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x   DKT#:
AUSTIN DECARO, by and through his mother and
natural legal guardian, Lois Decaro,

      Plaintiff,      **COMPLAINT**

  - against -      **JURY TRIAL DEMANDED**

HANOVER TOWNSHIP, POLICE OFFICER JOSEPH **ECF**
QUINN, and Police Officers "JOHN DOE" #1-10,
individually and in their official capacities (the name
John Doe being fictitious as the true names are presently
unknown),

      Defendants.
-----------------------------------------------------------------x

  Plaintiff, AUSTIN DECARO, by and through his mother and natural legal guardian, LOIS DECARO, and by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

  1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New Jersey and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the District of New Jersey under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

**A. The Plaintiff.**

6. Plaintiff, AUSTIN DECARO, was born on November 27, 1996. He is currently 15 years old. He is a resident of the Hanover Township in Morris County, in the State of New Jersey.

7. Plaintiff, AUSTIN DECARO, is 66 inches in height (5-foot 5-inches tall) and weighs 100-pounds.

8. LOIS DECARO, is the mother and natural guardian of the Plaintiff, AUSTIN DECARO, and has brought this action on behalf of her son, AUSTIN DECARO.

**B. The Defendants: Hanover Township, Police Officer Joseph Quinn, and "John Doe" #1-10.**

9. Defendant, the HANOVER TOWNSHIP, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

10. Defendant, the HANOVER TOWNSHIP, maintains the TOWNSHIP OF HANOVER POLICE DEPARTMENT, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New Jersey Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, HANOVER TOWNSHIP.

11. At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER JOSEPH QUINN, and Police Officers "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New Jersey or the HANOVER TOWNSHIP.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, HANOVER TOWNSHIP.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, HANOVER TOWNSHIP and the TOWNSHIP OF HANOVER POLICE DEPARTMENT.

## FACTS

15. On March 23, 2012, at approximately 8:50 p.m., Plaintiff, AUSTIN DECARO, along with three of his friends were walking in the Hanover Township in the State of New Jersey. They were walking to the home of one of the boys in the group.[1] On their way to their

---

[1] The names of the three (non-plaintiff) boys are not included in this complaint to protect their identity due to the fact that they are all minors under 18 years of age.

destination, AUSTIN DECARO, and his friends, entered the Black Brook Park.

16. After exiting the park, AUSTIN DECARO and his friends were stopped by POLICE OFFICER JOSEPH QUINN.  Upon being stopped, the Plaintiff and his friends were ordered to sit on a nearby curb.  The Plaintiff and his friends immediately complied with the Order to sit on the curb issued by POLICE OFFICER JOSEPH QUINN.

17. The reason AUSTIN DECARO and his friends were stopped by POLICE OFFICER JOSEPH QUINN was because they were in Black Brook Park during hours in which the park was closed to the public.

18. After being stopped by POLICE OFFICER JOSEPH QUINN, Plaintiff AUSTIN DECARO, began openly videotaping the encounter on a video camera.

19. The Plaintiff, AUSTIN DECARO, did not interfere with POLICE OFFICER JOSEPH QUINN's stop, or any questioning, or any other police procedure, by videotaping the encounter.

20. At the time that the Plaintiff, AUSTIN DECARO, began videotaping the encounter he was not officially under arrest, nor was he being asked to comply with any lawful orders, such as to place his hands behind his back, so that the officer could effectuate an arrest and handcuff the Plaintiff.

21. The stop of the Plaintiff, AUSTIN DECARO, and his friends, was not an "inherently dangerous situation" for the Defendant Police Officer.

22. The Plaintiff, AUSTIN DECARO, did not violate any law by videotaping the encounter with POLICE OFFICER JOSEPH QUINN.

23. POLICE OFFICER JOSEPH QUINN observed that he was being recorded by a video camera and stated "turn that video camera off right now or it's going to be mine forever."

24. AUSTIN DECARO responded to this statement by asking, "why"?

25. Immediately, and in response, POLICE OFFICER JOSEPH QUINN engaged in the Excessive Use of Force by jumping onto the Plaintiff while he was seated on the curb and aggressively and violently forcing Plaintiff's body to the floor. The actions of POLICE OFFICER JOSEPH QUINN caused the Plaintiff substantial pain, suffering, and injury.

26. On the video, POLICE OFFICER JOSEPH QUINN can be heard saying "stand up, stand up", which corroborates the fact that the Plaintiff was tackled to the floor.

27. At the time that POLICE OFFICER JOSEPH QUINN jumped onto the Plaintiff and forced his body to the floor, POLICE OFFICER JOSEPH QUINN also grabbed the video camera from AUSTIN DECARO's hand and threw it. The video camera was damaged as a result of being thrown.

28. One of the "JOHN DOE" POLICE OFFICERS can be heard on the video asking POLICE OFFICER JOSEPH QUINN, "what did you throw"? This question corroborates the fact that POLICE OFFICER JOSEPH QUINN threw the Plaintiff's video camera.

29. As a result of the foregoing, the plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff AUSTIN DECARO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the HANOVER TOWNSHIP and TOWNSHIP OF HANOVER POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

35. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. That the level of force employed by defendants, including individual defendants POLICE OFFICER JOSEPH QUINN was objectively unreasonable and in violation of the plaintiff's constitutional rights.

38. As a result of the foregoing, the plaintiff suffered, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life,

emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

### THIRD CLAIM FOR RELIEF
### UNREASONABLE SEIZURE OF PROPERTY UNDER 42 U.S.C § 1983

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. At the time that POLICE OFFICER JOSEPH QUINN jumped onto the Plaintiff and forced his body to the floor, POLICE OFFICER JOSEPH QUINN also grabbed the video camera from AUSTIN DECARO's hand and threw it. The video camera was damaged as a result of being thrown.

41. As a result of defendant's aforementioned conduct, plaintiff, AUSTIN DECARO, was subjected to an illegal, improper and unreasonable seizure of his property, without any probable cause, privilege, or consent.

42. The seizure of plaintiff's video camera, which caused damage, was objectively unreasonable and in violation of the plaintiff's constitutional rights.

43. As a result of the foregoing, the plaintiff was humiliated, embarrassed, and suffered loss of property, loss of use and enjoyment of his property, and incurred monetary costs and damages.

### FOURTH CLAIM FOR RELIEF
### FIRST AMENDMENT VIOLATION UNDER 42 U.S.C § 1983

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. A citizen's right to film law enforcement officers, in the discharge of their duties in a public space, is a well-established liberty safeguarded by the First Amendment of the United

States Constitution. See Glik v. Cunniffe, 655 F.3d 78 (First Circuit, 2011).

46. Defendant, POLICE OFFICER JOSEPH QUINN, deprived Plaintiff of his well-established right to Freedom of Speech, and his right to videotape, under the First Amendment of the United States Constitution, as well as his right to be free from Excessive use of Force under the Eight Amendment of the United States Constitution, and his right to be free from an unreasonable seizure of his property under the Fourth Amendment of the United States Constitution.

47. POLICE OFFICER JOSEPH QUINN used Excessive Force against the Plaintiff in order to deprive Plaintiff of his First Amendment rights under the United States Constitution.

48. As a result of the foregoing, plaintiff sustained, inter alia, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C § 1983

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. A citizen's right to film law enforcement officers, in the discharge of their duties in a public space, is a well-established liberty safeguarded by the First Amendment of the United States Constitution. See Glik v. Cunniffe, 655 F.3d 78 (First Circuit, 2011).

51. Defendant, POLICE OFFICER JOSEPH QUINN, deprived Plaintiff of his well-established right to Freedom of Speech, and his right to videotape, under the First Amendment of

the United States Constitution, as well as his right to be free from Excessive use of Force under the Eight Amendment of the United States Constitution, and his right to be free from an unreasonable seizure of his property under the Fourth Amendment of the United States Constitution.

52. The deprivation suffered by the Plaintiff, AUSTIN DECARO, would likely deter First Amendment activity in the future.

53. POLICE OFFICER JOSEPH QUINN used Excessive Force against the Plaintiff in order to deprive Plaintiff of his First Amendment rights under the United States Constitution.

54. The First Amendment activity of videotaping was a motivating factor in POLICE OFFICER JOSEPH QUINN's decision to take retaliatory action against the Plaintiff, AUSTIN DECARO.

55. POLICE OFFICER JOSEPH QUINN's retaliatory actions included using Excessive Force against the Plaintiff and also subjecting the Plaintiff to an unreasonable seizure of his video camera.

56. As a result of the foregoing, plaintiff sustained, inter alia, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C § 1983
### (For Excessive Force, Unreasonable Seizure of Property, First Amendment Violation, and First Amendment Retaliation)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendant POLICE OFFICER JOHN DOE #1-10, were agents and employees of, HANOVER TOWNSHIP and the TOWNSHIP OF HANOVER POLICE DEPARTMENT and at all times mentioned herein were acting under color of state law.

59. Defendants POLICE OFFICER "JOHN DOE" # 1-10 had a duty to intervene in the unjustified assault and other constitutional violations perpetrated against plaintiff by POLICE OFFICER JOSEPH QUINN.

60. The actions of POLICE OFFICER JOSEPH QUINN, deprived Plaintiff of his right to be Free from the use of Excessive Force under the Eight Amendment of the Constitution of the United States, to be free from the unreasonable seizure of his property under the Fourth Amendment of the Constitution of the United States, and to be secure in his person against a violation of the First Amendment of the Constitution of the United States.

61. Defendants POLICE OFFICER "JOHN DOE" #1-10, had a reasonable opportunity to intervene in the unjustified assault, unreasonable seizure of property, and First Amendment violations of Plaintiff by POLICE OFFICER JOSEPH QUINN, and failed to intervene.

62. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

**SEVENTH CLAIM FOR RELIEF**
<u>**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**</u>

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants issued legal process to detain the plaintiff and subject him to excessive

force, and unreasonable seizure of his property, and to First Amendment violations.

65. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

66. Defendants acted with intent to do harm to AUSTIN DECARO without excuse or justification.

67. As a result of the foregoing, plaintiff's liberty was put in fear for his safety, was humiliated, suffered physical injury including substantial pain and suffering, suffered psychological injury, suffered loss of property and loss of use and enjoyment of his property all without probable cause.

## EIGHTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

68. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants including HANOVER TOWNSHIP, POLICE OFFICER JOSEPH QUINN, and POLICE OFFICER "JOHN DOE" #1-10, subjected the Plaintiff to excessive force, and unreasonable seizure of his property, and violated his First Amendment rights.

72. The acts complained of were carried out by the aforementioned defendants in

their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

73. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the HANOVER TOWNSHIP, and the TOWNSHIP OF HANOVER POLICE DEPARMENT, all under the supervision of ranking officers of said department.

74. The aforementioned customs, polices, usages, practices, procedures, and rules of HANOVER TOWNSHIP and the TOWNSHIP OF HANOVER POLICE DEPARTMENT, include but are not limited to the following unconstitutional practices:

(a) Failing to train police officers in various constitutionally protected rights, included rights protected under the First Amendment;

(b) Subjecting persons to violations of their constitutionally protected rights.

75. The existence of the aforesaid unconstitutional customs and policies may be inferred from the failure of HANOVER TOWNSHIP and the TOWNSHIP OF HANOVER POLICE DEPARTMENT, to provide proper training to police officers regarding various protected constitutional rights, including rights protected under the First Amendment.

76. The foregoing customs, policies, usages, practices, procedures and rules of the HANOVER TOWNSHIP and the TOWNSHIP OF HANOVER POLICE DEPARTMENT constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

77. The foregoing customs, policies, usages, practices, procedures and rules of the HANOVER TOWNSHIP and the TOWNSHIP OF HANOVER POLICE DEPARTMENT were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged

herein.

78. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

## DAMAGES AND RELIEF REQUESTED

79. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. All of the foregoing acts by defendants deprived AUSTIN DECARO of federally protected rights, including, but not limited to, the right:

    A. To receive equal protection under the law;

    B. To be free from the Excessive Use of Force;

    C. To be free from Unreasonable Seizure of his property;

    D. To be secure in his First Amendment Rights.

81. By reason of the aforesaid conduct by defendants, plaintiff AUSTIN DECARO Is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff AUSTIN DECARO demands that the Court enter a judgment in the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       May 14, 2012

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiffs*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832