**NUZZI & MASON, LLC**
50 Nelson Street
Dover, New Jersey 07801
973-366-9300
973-366-9301 (fax)
bwm@nuzzimason.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUSTIN DECARO, by ad through his mother and natural legal guardian, Lois Decaro,<br><br>       Plaintiff,<br>vs.<br><br>HANOVER TOWNSHIP, POLICE OFFICER JOSEPH QUINN, and Police Officers "JOHN DOE" #1-10, individually and in their official capacities (the name John Doe being fictitious as the true names are presently unknown),<br>       Defendants. | HON. CLAIRE C. CECCHI<br><br>CASE NO.  2:12-cv-02957 CCC<br><br>CIVIL ACTION<br><br><br>ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND, VERIFICATION AND CERTIFICATION |

  Defendants Hanover Township, and Police Officer Joseph Quinn (hereinafter "Defendants") by way of Answer to the Complaint filed by Plaintiff Austin DeCaro, by and through his mother and natural legal guardian, Lois DeCaro, say:

**PRELIMINARY STATEMENT**

  1. Defendants have insufficient information to affirm or deny the allegations set forth in Paragraph 1 of the Complaint and leave Plaintiff to his proofs thereon.

**JURISDICTION**

  2. Defendants have insufficient information to affirm or deny the allegations set forth in Paragraph 2 of the Complaint and leave Plaintiff to his proofs thereon.

3. Defendants have insufficient information to affirm or deny the allegations set forth in Paragraph 3 of the Complaint and leave Plaintiff to his proofs thereon.

## VENUE

4. Defendants have insufficient information to affirm or deny the allegations set forth in Paragraph 4 of the Complaint and leave Plaintiff to his proofs thereon.

## JURY DEMAND

5. Defendants have insufficient information to affirm or deny the allegations set forth in Paragraph 5 of the Complaint and leave Plaintiff to his proofs thereon.

## PARTIES

**A.   The Plaintiff**

6. Defendants have insufficient information to affirm or deny the allegations set forth in Paragraph 6 of the Complaint and leave Plaintiff to his proofs thereon.

7. Defendants have insufficient information to affirm or deny the allegations set forth in Paragraph 7 of the Complaint and leave Plaintiff to his proofs thereon.

8. Defendants have insufficient information to affirm or deny the allegations set forth in Paragraph 8 of the Complaint and leave Plaintiff to his proofs thereon.

**B.   The Defendants: Hanover Township, Police Officer Joseph Quinne, and "John Doe" #1-10.**

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the Complaint to the extend that the Township of Hanover Police Department is duly created and maintained, but deny that its functions are set forth in "the applicable sections of the New Jersey Criminal Procedure Law" as alleged, and leave Plaintiff to his proofs thereon.

11. Based upon information and belief, Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint to the limited extent that the defendant police officers were duly sworn and acting in their official capacity. Defendants deny any wronging occurred in the performance of their duties, and leave Plaintiff to his proofs thereon.

13. Defendants admit the allegations set forth in Paragraph 13 of the Complaint to the limited extent that the defendant police officers were duly sworn and acting in their official capacity. Defendants deny any wronging occurred in the performance of their duties, and leave Plaintiff to his proofs thereon.

14. Defendants admit the allegations set forth in Paragraph 14 of the Complaint to the limited extent that the defendant police officers were acting in their official capacity within the scope of their employment. Defendants deny any wronging occurred in the performance of their duties, and leave Plaintiff to his proofs thereon.

## FACTS

15. Defendants admit that Defendant Quinn observed Plaintiff and three other young men in the vicinity of Black Brook Park at or around 8:50 pm on March 23, 2012. Defendants have insufficient information to affirm or deny the remaining allegations set forth in Paragraph 15 of the Complaint and leave Plaintiff to his proofs thereon.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint and leave Plaintiff to his proofs thereon.

17. Defendants admit the allegations set forth in Paragraph 17 of the Complaint in part and assert that it is believed that Plaintiff and his companions were engaged in or intended to engage in criminal mischief.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint and leave Plaintiff to his proofs thereon.

19. Defendants deny the allegation set forth in Paragraph 19 of the Complaint, in that it implies Plaintiff's overall conduct did not interfere with the Defendant Officer's police activities, and leave Plaintiff to his proofs thereon.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint and leave Plaintiff to his proofs thereon.

21. Paragraph 21 of the Complaint sets forth a legal conclusion, as opposed to a factual allegation and, as such, does not require a response. To the extent that Paragraph 21 of the Complaint may be construed to assert a factual allegation, same is denied and Plaintiff is left to his proofs thereon.

22. Paragraph 22 of the Complaint sets forth a legal conclusion, as opposed to a factual allegation and, as such, does not require a response. To the extent that Paragraph 22 of the Complaint may be construed to assert a factual allegation, same is denied and Plaintiff is left to his proofs thereon.

23. Defendants admit the allegations set forth in Paragraph 23 of the Complaint to the extend that Plaintiff was directed to stop using the video camera and comply with the Officer's directions, any other implication is denied and Plaintiff is left to his proofs thereon.

24. Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint and leave Plaintiff to his proofs thereon.

26. Without the benefit of the videotape referred to in Paragraph 26 of the Complaint, these Defendants can neither affirm or deny what can be heard thereon, however Defendants deny the allegations set forth in Paragraph 28 of the Complaint that indicate Defendant Quinn

tackled Plaintiff to the floor at any time, or that the alleged statement is corroborative of anything. In this regard, Plaintiff is left to his proofs thereon.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint and leave Plaintiff to his proofs thereon.

28. Without the benefit of the videotape referred to in Paragraph 28 of the Complaint, these Defendants can neither affirm or deny what can be heard thereon, however Defendants deny the allegations set forth in Paragraph 28 of the Complaint that indicate Defendant Quinn threw anything or that the alleged statement is corroborative of anything. In this regard, Plaintiff is left to his proofs thereon.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint and leave Plaintiff to his proofs thereon.

## FIRST CLAIM FOR RELIEF

30. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

31. Based upon information and belief, Defendants admit that any actions undertaken herein were performed under color of law, but deny any allegations of wrongdoing set forth in Paragraph 31 of the Complaint and leave Plaintiff to his proofs thereon.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint and leave Plaintiff to his proofs thereon.

33. Defendants deny "the acts complained of" as well as the other allegations set forth in Paragraph 33 of the Complaint and leave Plaintiff to his proofs thereon.

34. Defendants deny "the acts complained of" as well as the other allegations set forth in Paragraph 34 of the Complaint and leave Plaintiff to his proofs thereon.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint and leave Plaintiff to his proofs thereon.

## SECOND CLAIM FOR RELIEF

36. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint and leave Plaintiff to his proofs thereon.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint and leave Plaintiff to his proofs thereon.

## THIRD CLAIM FOR RELIEF

39. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint and leave Plaintiff to his proofs thereon.

41. Defendants deny all of the allegations set forth in Paragraph 41 of the Complaint and leave Plaintiff to his proofs thereon.

42. Defendants deny all of the allegations set forth in Paragraph 42 of the Complaint and leave Plaintiff to his proofs thereon.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint and leave Plaintiff to his proofs thereon.

## FOURTH CLAIM FOR RELIEF

44. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

45. Paragraph 45 of the Complaint sets forth a legal conclusion, as opposed to a factual allegation and, as such, does not require a response. To the extent that Paragraph 45 of the Complaint may be construed to assert a factual allegation, same is denied and Plaintiff is left to his proofs thereon.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint and leave Plaintiff to his proofs thereon.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint and leave Plaintiff to his proofs thereon.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint and leave Plaintiff to his proofs thereon.

### FIFTH CLAIM FOR RELIEF

49. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

50. Paragraph 50 of the Complaint sets forth a legal conclusion, as opposed to a factual allegation and, as such, does not require a response. To the extent that Paragraph 50 of the Complaint may be construed to assert a factual allegation, same is denied and Plaintiff is left to his proofs thereon.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint and leave Plaintiff to his proofs thereon.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint and leave Plaintiff to his proofs thereon.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint and leave Plaintiff to his proofs thereon.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint and leave Plaintiff to his proofs thereon.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint and leave Plaintiff to his proofs thereon.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint and leave Plaintiff to his proofs thereon.

### SIXTH CLAIM FOR RELIEF

57. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

58. Based upon information and belief, Defendants admit the allegations set forth in Paragraph 58 of the Complaint to the limited extent that police officers on March 23, 2012, were employees of Hanover Township and acting within their scope of duty. Any other allegation of wrong doing is denied, and Plaintiff is left to his proofs thereon.

59. Defendants deny that any assault took place as alleged in Paragraph 59 of the Complaint, and therefore there was no duty to intervene; Plaintiff is left to his proofs thereon.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint and leave Plaintiff to his proofs thereon.

61. Defendants deny that any assault took place as the allegations set forth in Paragraph 61 of the Complaint, and therefore no constitutional right violation occurred; Plaintiff is left to his proofs thereon.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint and leave Plaintiff to his proofs thereon.

### SEVENTH CLAIM FOR RELIEF

63. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint and leave Plaintiff to his proofs thereon.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint and leave Plaintiff to his proofs thereon.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint and leave Plaintiff to his proofs thereon.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint and leave Plaintiff to his proofs thereon.

## EIGHTH CLAIM FOR RELIEF

68. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

69. Defendants deny the allegations set forth in Paragraph 65 of the Complaint and leave Plaintiff to his proofs thereon.

## NINTH CLAIM FOR RELIEF

70. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint and leave Plaintiff to his proofs thereon.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint and leave Plaintiff to his proofs thereon.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint and leave Plaintiff to his proofs thereon.

74. Defendants deny the allegations set forth in Paragraph 74 of the Complaint and leave Plaintiff to his proofs thereon.

75. Defendants deny the allegations set forth in Paragraph 75 of the Complaint and leave Plaintiff to his proofs thereon.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint and leave Plaintiff to his proofs thereon.

77. Defendants deny the allegations set forth in Paragraph 77 of the Complaint and leave Plaintiff to his proofs thereon.

78. Defendants deny the allegations set forth in Paragraph 78 of the Complaint and leave Plaintiff to his proofs thereon.

## DAMAGES AND RELIEF REQUESTED

79. Defendants repeat and reiterate each and every response to the allegations of the Complaint set forth above and incorporate same herein.

80. Defendants deny the allegations set forth in Paragraph 80 of the Complaint and leave Plaintiff to his proofs thereon.

81. Defendants deny the allegations set forth in Paragraph 81 of the Complaint and leave Plaintiff to his proofs thereon.

**WHEREFORE** Defendants demand judgment dismissing the Complaint together with attorney's fees, costs of suit and any other relief the Court may deem equitable and just.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of the Complainant's failure to state a cause of action upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of the fact that Defendants have violated no duty to Plaintiff under Common Law, Statutory Law or otherwise.

### THIRD SEPARATE DEFENSE

At all times Defendants acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances, regulations and/or standards.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of Plaintiff's misconduct.

### FIFTH SEPARATE DEFENSE

Plaintiff, through his own actions and conduct, was the sole and proximate cause of the action underlying the allegations of the Complaint.

### SIXTH SEPARATE DEFENSE

Damages, if any, sustained by Plaintiff, were the result of the sole negligence of Plaintiff.

### SEVENTH SEPARATE DEFENSE

Any actions taken by Defendants were done in good faith and without malice, willfulness or evil intent.

### EIGHTH SEPARATE DEFENSE

The Complaint is barred by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*

### NINTH SEPARATE DEFENSE

Defendants assert any and all defenses and limitations made available by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*

### TENTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

### ELEVENTH SEPARATE DEFENSE

All of the acts of Defendants which were taken under color of law were performed in good faith and Defendants are therefore entitled to qualified immunity.

### TWELFTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of punitive damages.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of interest against Defendants.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of counsel fees against Defendant.

### FIFTEENTH SEPARATE DEFENSE

Defendants did not engage in a conspiracy against Plaintiff and did not have a custom, plan or practice that violated Plaintiff's rights

### SIXTEENTH SEPARATE DEFENSE

Defendant were not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

### SEVENTEENTH SEPARATE DEFENSE

Any injuries and damages sustained by Plaintiff were caused by and arose out of risks of which Plaintiff had full knowledge and which Plaintiff assumed.

### EIGHTEENTH SEPARATE DEFENSE

Any and all injuries and damages sustained by Plaintiff were caused solely by the intentional behavior of the Plaintiff.

### NINETEENTH SEPARATE DEFENSE

Defendants reserve their right to raise additional affirmative defenses as may arise and/or be based upon further discovery.

## JURY DEMAND

The Defendants hereby demand trial by a jury as to all issues.

NUZZI & MASON, LLC

By: *[signature]*
BRIAN W. MASON
Attorney for Defendants

Dated: 6/14/12

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

1. I am employed by the law firm of Nuzzi & Mason, LLC.

2. On June 14, 2012, the undersigned prepared and forwarded copies of the within correspondence to the following parties:

**Via E-Filing**
Clerk, United States District Court
Clarkson S. Fisher Federal Building
402 E. State Street
Trenton, NJ 08608

**VIA FAX (732) 545-4579**
Bryan Konoski, Esq.
Trevvus & Konoski, P.C.
305 Broadway, 14th Floor
New York, NY
Attorneys for Plaintiff

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Brian W. Mason